Dear Senator Wilson:
You inquire whether certain Kansas municipalities may contract with municipalities in other states to pool their liabilities for the lines of insurance listed in K.S.A. 12-2617.[1]
The Kansas Municipal Group-Funded Pool Act,[2]
(Group-Funded Pool Act), enacted in 1987,[3] was designed to assist municipalities in addressing "skyrocketing"[4]
liability premiums and the dearth of private insurance companies available to satisfy insurance needs by authorizing local units of government to create insurance and risk management pools.[5] K.S.A. 12-2617 provided, in part:
 "Five or more municipalities as defined in K.S.A. 75-6102 . . . may enter into agreements to pool their liabilities for Kansas fire, marine, inland marine and allied lines . . . casualty, surety and fidelity lines . . . including workers' compensation and employers' liability. Such pools shall not include accident, health or life insurance. Such arrangements shall be known as group-funded pools, which shall not be deemed to be insurance or insurance companies and shall not be subject to the provisions of chapter 40 of the Kansas Statutes Annotated, except as otherwise provided herein."[6]
K.S.A. 2005 Supp. 75-6102, a provision of the Kansas Tort Claims Act,[7] defines "municipality" as "any county, township, city, school district or other political or taxing subdivision of the state. . . ." "State," in turn, is defined as "the state of Kansas."[8] Thus, in 1987, only municipalities in Kansas could pool their liabilities for the lines of insurance listed in K.S.A. 12-2617.[9]
The mechanism generally used by municipalities for this purpose is the Interlocal Cooperation Act.[10] The Interlocal Cooperation Act allows public agencies to exercise their powers jointly and to create separate legal entities to conduct the joint venture.[11] While the Interlocal Cooperation Act defines a "public agency" to include a municipality in another state,[12] a Kansas municipality would be precluded from entering into an interlocal cooperation agreement with a municipality in another state unless the group-funded pool complies with the Group-Funded Pool Act.[13]
In 1990, three years after the enactment of the Group-Funded Pool Act, the restriction on pooling accident, health, and life insurance was removed.[14] However, because the Group-Funded Pool Act was restricted to Kansas municipalities, some Kansas municipalities urged the Legislature to adopt legislation that would allow them to enter into agreements with municipalities in other states to pool their sickness and accident related liabilities.[15]
Testimony from city officials from the cities of Merriam, Fairway, and Basehor revealed that 13 Kansas municipalities had previously entered into a group-funded health insurance pool with municipalities in Missouri.[16] The reasons for doing so focused on the difficulty in finding private insurance companies willing to provide a quote for health insurance for city employees because of the number of employees and/or the experience of the city.[17]
Concerned because the Kansas Insurance Department had advised that K.S.A. 12-2617 did not allow for such pooling,[18]
legislation was requested to-essentially-validate the existing health insurance pool with Missouri municipalities.[19]
The cities' efforts were successful and the result was K.S.A.12-2630 which states, in part:
 "Notwithstanding the provisions of [the Group-Funded Pool Act] . . . any municipalities as defined in K.S.A. 75-6102 . . . located in and including Douglas, Johnson, Leavenworth, Miami and Wyandotte counties, may qualify to enter into agreements to pool their sickness and accident related liabilities in accordance with K.S.A 12-2617 et seq. . . . with municipalities located in other states if such a pool was formed on or before January 1, 1990. Any investments held by such pool shall be held in an entity described in K.S.A. 12-2622 and amendments thereto. In the event the law or laws of any other state in which a member of the pool is located are inconsistent with or contrary to any provision of K.S.A. 12-2617 through 12-2626, 12-2628
and 12-2629 and amendments thereto, the law of the state with the more stringent requirement shall apply."
K.S.A. 12-2630 creates a limited exception to the Group Funded Pool Act for sickness and accident related liabilities. An attempt to expand the lines of insurance to include those listed in K.S.A. 12-2617 failed during the 2000 legislative session.[20]
In light of the legislative history and the plain language of both K.S.A. 12-2617 and K.S.A. 12-2630, it is our opinion that K.S.A. 12-2617 authorizes group-funded insurance pools only among municipalities in Kansas for the lines of insurance identified therein. The only exception is contained in K.S.A. 12-2630, which allows certain Kansas municipalities to enter into agreements with municipalities in other states for the purpose of pooling their sickness and accident related liabilities if the pool was created prior to January 1, 1990. In short, absent legislation, the Kansas municipalities identified in K.S.A. 12-2630 cannot enter into agreements with municipalities in other states to pool their liabilities for fire, marine, inland marine and allied lines, life insurance, casualty, surety and fidelity lines, including workers' compensation and employers' liability.
Sincerely,
Phill Kline Attorney General
Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] Kansas fire, marine, inland marine and allied lines, casualty, surety, and fidelity lines, including workers' compensation and employers' liability, group sickness, accident, and life insurance.
[2] K.S.A. 12-2616 et seq.
[3] L. 1987, Ch. 74.
[4] Supplemental Note on 1987 Senate Bill No. 250.
[5] Id.
[6] L. 1987, Ch. 74, § 2 (emphasis added). Codified at K.S.A.12-2617.
[7] K.S.A. 75-6101 et seq.
[8] K.S.A. 2005 Supp. 75-6102(a).
[9] In 1990, group-funded insurance was expanded to include accident, health, and life insurance.
L. 1990, Ch. 76, § 1.
[10] K.S.A. 12-2901 et seq.
[11] K.S.A. 2005 Supp. 12-2904; K.S.A. 12-2904a. Examples of group-funded pools include the Kansas County Association Multiline Pool (KCAMP), Kansas Workers Risk Cooperative for Counties (KWORC), and Kansas Municipal Insurance Trust (KMIT).
[12] K.S.A. 2005 Supp. 12-2903(a)(3).
[13] K.S.A. 12-2906. The 1987 legislation creating the Group-Funded Pool Act amended the Interlocal Cooperation Act to require group-funded pools to comply with the Group-Funded Pool Act.
L. 1987, Ch. 74, § 15.
[14] L. 1990, Ch. 76, § 1.
[15] Minutes, Senate Committee on Financial Institutions and Insurance, March 4, 1991, Attachments 1, 2, 3.
[16] Id.
[17] Id.
[18] Minutes, Senate Committee on Financial Institutions and Insurance, March 4, 1991, Attachment 1.
[19] The pool in question was the Mid-America Regional Council Insurance Trust (MARCIT), established in 1983. Minutes, Senate Committee on Financial Institutions and Insurance, March 4, 1991, Attachments 1, 2, 3.
[20] 2000 S.B. No. 79.